UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SQUARE D COMPANY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:07-cv-0806-WTL-JMS |
| | ) | |
| BREAKERS UNLIMITED, INC., | ) | |
| Defendant. | ) | |

### ENTRY REGARDING SHOW CAUSE ORDER

On November 3, 2008, the magistrate judge ordered the parties to show cause within ten days why any documents filed with the Court which contain details regarding the prior settlement agreement between the parties should continue to be filed under seal. Both parties have now submitted a response to the show cause order.

Plaintiff Square D Company ("Square D") has argued that given existing law, documents filed with the Court setting forth the terms of the parties' prior Settlement Agreement should no longer be filed under seal. Defendant Breakers Unlimited, Inc. ("Breakers") claims the information is properly subject to the protection of filing under seal because the terms of the Settlement Agreement are confidential, sensitive, and their disclosure could damage Breakers business. Further, Breakers asserts the terms of the Settlement Agreement are a protectable trade secret.

Breakers argues that the "revelation to Breakers Unlimited's customers and competitors of allegations that it was involved in selling counterfeit circuit breakers or otherwise engaged in anything other than above-board transactions could be damaging to Breakers Unlimited's reputation, and therefore, its business." (Submission, pg. 2). Given that this case involves

precisely those allegations, and the Complaint is not under seal, Breakers' argument has absolutely no merit. Further, the Settlement Agreement contains no admission of liability. (See Dkt. # 44).

Breakers' argument that the terms of the Settlement Agreement are a protectable trade secret similarly fails. Under Indiana's adoption of the Uniform Trade Secrets Act,

> "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process that:
>
> (1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
>
> (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

I.C. 24-2-3-2. Breakers' claims that because it derives economic value from the secrecy of the Settlement Agreement in the form of the protection of its reputation, the Settlement Agreement satisfies the first element of the definition of "trade secret." However, as discussed above, the public has easy access to the allegations against Breakers, and not keeping the terms of the Settlement Agreement under seal does nothing more to harm Breakers' reputation, particularly in light of the "no admission of liability" language.

Furthermore, the Seventh Circuit could not be more clear on this issue: "Calling a settlement confidential does not make it a trade secret, any more than calling an executive's salary confidential would require a judge to close proceedings if a dispute erupted about payment (or termination)." *Union Oil Co. v. Leavell,* 220 F.3d 562, 567 (7th Cir. 2000).

Moreover, "the parties' confidentiality agreement can not require a court to hide a whole case from view." *Id.* But that is precisely what Breakers has tried to do here - hide the entire breach of settlement agreement cause of action from view. "Now that the agreement itself has

become a subject of litigation, it must be opened to the public just like other information that becomes the subject of litigation." *Herrnreiter v. Chi. Hous. Auth.,* 281 F.3d 634, 637 (7th Cir. 2002)(internal parenthetical omitted).

Breakers makes two additional arguments in support of the continuation of filing under seal which can be easily disposed of. Breakers points out that both this Court and the Northern District of Illinois have already considered this issue and determined good cause exists to seal any documents that reference the Settlement Agreement. First, with respect to the prior order in this case by Judge McKinney, (See Dkt. # 15, July 16, 2007), that order occurred prior to the consolidation of the cause alleging breach of the Settlement Agreement, 1:07-cv-1311-SEB-TAB (originally filed in the Northern District of Illinois and later transferred to this District), with this matter. The cases remained separate, assigned to different judges, until Judge McKinney granted a Motion to Consolidate Cases (Dkt. # 68).

Next, with all due respect to the judge in the Northern District of Illinois, his order permitting the sealed filing of the Complaint alleging a breach of the settlement agreement did not discuss the Seventh Circuit's decisions on this issue "which disfavor anonymous litigation. The public has an interest in knowing what the judicial system is doing, an interest frustrated when any part of the litigation is conducted in secret." *Doe v. Smith,* 429 F.3d 706, 710 (7th Cir. 2005)(internal citation omitted). Soon after the matter was transferred here, Magistrate Judge Baker granted a motion to seal but forewarned that the "continuing need to keep this document under seal will be addressed at an upcoming pretrial conference . . ." (1:07-cv-1311-SEB-TAB, Dkt. # 40). Unfortunately, because of the consolidation of the cases, that pretrial conference and discussion did not occur. Had it occurred, the Court has no doubt that Magistrate Judge Baker would have made a similar determination as that made by this magistrate judge. (See, e.g.,

*Containment Technologies Group, Inc. v. Am. Soc'y of Health Sys. Pharmacists,* 2008 U.S. Dist. LEXIS 80688 (S.D. Ind. Oct. 10, 2008); *Brown v. Auto. Components Holdings, LLC,* 2008 U.S. Dist. LEXIS 47172 (S.D. Ind. June 17, 2008); *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.,* 2007 U.S. Dist. LEXIS 3133 (S.D. Jan. 16, 2007).

Finally, Breakers points to Square D's reliance on confidentiality provisions in other settlement agreements with other companies to refuse production of unredacted settlement agreements. First, any other company that is a party to a confidential settlement agreement with Square D is not a party to this litigation. Second, those other confidential settlement agreements are not the subject of this litigation.

Therefore, being duly advised, and in reliance upon *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.,* 178 F.3d 943, 945 (7th Cir. 1999), *Baxter International v. Abbott Laboratories,* 297 F.3d 544 (7th Cir. 2002) and *Union Oil Co. of California v. Leavell,* 220 F.3d 562 (7th Cir. 2000), the magistrate judge now orders that from this point forward, the parties are prohibited from filing under seal any documents containing details of the prior settlement agreement between the parties. This order should not be construed to preclude the filing of documents under seal which contain "confidential information" as that term is defined in the Stipulated Protective Order (Dkt. # 61).

**SO ORDERED.**

12/02/2008

                                         Jane Magnus-Stinson
                                         United States Magistrate Judge
                                         Southern District of Indiana

Distribution:

Thomas B. Bays
NORRIS CHOPLIN & SCHROEDER LLP
tbays@ncs-law.com

Joel L. Dion
BLANK ROME LLP
dion-j@blankrome.com

Robert David Epstein
EPSTEIN COHEN DONAHOE & MENDES
rdepstein@aol.com

Jonathan D. Jay
LEFFERT JAY & POLGLAZE P.A.
jjay@ljp-iplaw.com

Elizabeth Mary Keiley
WILDMAN HARROLD ALLEN & DIXON
keiley@wildman.com

Nicholas S. Kuhlmann
LEFFERT JAY & POLGLAZE, P.A.
nkuhlmann@ljp-iplaw.com

Brian W. Lewis
WILDMAN HARROLD ALLEN & DIXON
lewis@wildman.com

Nelson A. Nettles
NORRIS CHOPLIN & SCHROEDER LLP
nnettles@ncs-law.com

Nicole Nocera
WILDMAN, HARMED, ALLEN & DIXON LLP
nocera@wildman.com

Timothy D. Pecsenye
BLANK ROME LLP
pecsenye@blankrome.com

James Brian Vogts
WILDMAN HARROLD ALLEN & DIXON LLP
vogts@wildman.com

Edward Timothy Walker
WILDMAN, HARROLD, ALLEN & DIXON LLP
walker@wildman.com

Philip A. Whistler
ICE MILLER LLP
philip.whistler@icemiller.com