**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| **SQUARE D COMPANY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **CAUSE NO. 1:07-cv-806-WTL-JMS** |
| ) | |
| **BREAKERS UNLIMITED, INC.,** ) | |
| ) | |
| Defendant. | |

## ENTRY REGARDING JURY INSTRUCTIONS

In preparation for the approaching trial of this case, the Court has begun its review of the parties' tendered jury instructions. After considering the preliminary instructions tendered by the parties, and in particular the parties' arguments with regard to what the parties refer to as "Preliminary Issue Instruction No. 9," the Court has prepared a draft of the preliminary instructions it intends to give at trial. That draft is attached to this Entry for the parties' review. Any objections to these preliminary instructions or proposed changes or corrections shall be raised by the parties during the June 9, 2009, telephonic pretrial conference.

With regard to final instructions, the Court notes that Breakers has objected to Square D's tendered final instructions nos. 2, 4, 5, 6, 7, and 8, as well as Square D's tendered written questions nos. 1 and 2. However, Breakers' objections are cursory and do not provide argument, legal support, or proposed alternative instructions, all of which the Court requires in order to fairly consider the objections. Accordingly, by **June 10, 2009**, Breakers shall file a supplemental brief in support of its objections. The brief shall set forth proposed alternative instructions on the topics encompassed by those instructions tendered by Square D that it finds objectionable, along with an explanation, supported by legal authority, of why Breakers believes its proposed

instructions are superior to Square D's. In conjunction with preparing this brief, Breakers should consider whether there are any elements of Square D's claim to which it would be willing to stipulate in order to simplify the jury instructions.[1]

Square D shall file any response to Breakers' supplemental brief by **June 13, 2009**.

SO ORDERED:    06/05/2009

                                                      _William T. Lawrence_
                                                   Hon. William T. Lawrence, Judge
                                                   United States District Court
                                                   Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[1] For example, if there is no dispute regarding the validity or ownership of the trademarks at issue, there is no reason to instruct the jury on those elements.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| **SQUARE D COMPANY,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
|      vs. | )  **CAUSE NO.  1:07-cv-806-WTL-JMS** |
| | ) |
| **BREAKERS UNLIMITED, INC.,** | ) |
| | ) |
|    **Defendant.** | ) |

## **PRELIMINARY INSTRUCTIONS**

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you some preliminary instructions that may help you to understand what will be presented to you and how you should conduct yourself during the trial.

Preliminary Instruction No. 1

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who sues is called the Plaintiff. In this action, the Plaintiff is Square D Company. The party being sued is called the Defendant. In this action, the Defendant is Breakers Unlimited, Inc.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received into evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

Preliminary Instruction No. 2

In this case, Plaintiff Square D Company claims that Defendant Breakers Unlimited offered to sell and sold counterfeit residential circuit breakers that displayed trademarks registered and owned by Square D Company and that Square D Company was damaged by Breakers Unlimited's use of the trademarks. Breakers Unlimited claims that it did not sell counterfeit circuit breakers displaying Square D Company's trademarks and, if it did, that Square D was not damaged to the extent it claims.

In order to prevail on its trademark infringement claim, Square D must prove by a preponderance of the evidence that Square D's trademarks were used by Breakers Unlimited without Square D Company's consent and in a manner that was likely to cause confusion among ordinary purchasers as to the source of the goods.  Although it is not an element that Square D must prove to make its case, you will also be asked to consider whether Breakers Unlimited used Square D's trademarks knowing that the trademarks were counterfeit.

 I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision on Square D's claim.   I have given you this brief summary now in order to help you follow the evidence you are about to hear.

Preliminary Instruction No. 3

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts the law as the court will give it to you. You must follow that law whether you agree with it or not.

Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

Preliminary Instruction No. 4

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

Preliminary Instruction No. 5

There are two kinds of evidence: direct and circumstantial. "Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. For example, if the question is whether it's raining, a witness who testified that she was outside a moment ago and that it was raining would provide direct evidence that it was raining. By comparison, you might have circumstantial evidence that it is raining if you saw a couple of people walk into the courtroom with wet umbrellas and raincoats.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

Preliminary Instruction No. 6

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; and any other evidence that may have contradicted the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

If there are conflicts in the evidence, it is your duty to reconcile the conflicts, if you can, on the theory that each witness has testified to the truth. You should not disregard the testimony of any witness without a reason and without careful consideration. If you find conflicting testimony that you cannot reconcile, you must determine which of the witnesses you believe and which of them you disbelieve.

Preliminary Instruction No. 7

This is a civil case. The Plaintiff has the burden of proving its case by what is called the preponderance of the evidence. That means the Plaintiff has to produce evidence which, considered in the light of all the facts, leads you to believe that what the Plaintiff claims is more likely true than not. To put it differently, if you were to put the Plaintiff's and Defendant's evidence on opposite sides of the scales, the Plaintiff would have to make the scales tip somewhat on its side. If the Plaintiff fails to meet this burden, the verdict must be for the Defendant.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case; therefore, you should put it out of your mind.

Preliminary Instruction No. 8

During the trial you are not to discuss the case with anyone or permit anyone to discuss it with you.  This includes not only verbal communication but also any communication over the Internet, such as e-mail, instant messaging, websites, and blogs; the use of cell phones for text messaging or video and audio recording; and the use of any other recording or transmitting device. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about the case.

The trial lawyers are not allowed to speak with you during this case.  When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.  If you need to tell me something, simply give a signed note to my Court Room Deputy to give to me.  If any attempt is made by anyone to talk to you concerning this case you should report that fact to the Court immediately.

Do not try to do any research or make any investigation about the case of your own, and do not read or listen to anything touching on this case in any way.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

Preliminary Instruction No. 9

If you want to take notes during the course of the trial, you may do so. However, it is difficult to take detailed notes and pay attention to what the witnesses are saying at the same time. If you do take notes, be sure that your note taking does not interfere with your listening to and considering all of the evidence. Also, if you do take notes, do not discuss them with anyone before you begin your deliberations. Do not take your notes with you at the end of the day–be sure to leave them in the jury room.

If you choose not to take notes, remember that it is your own individual responsibility to listen carefully to the evidence. You cannot give this responsibility to someone who is taking notes. We depend on the judgment of all members of the jury; you all must remember the evidence in this case.

Preliminary Instruction No. 10

The trial will now begin.

First, each side will make an opening statement. An opening statement is neither evidence nor argument; it is an outline of what that party intends to prove, offered to help you follow the evidence.

Next, the Plaintiff will present its witnesses, and the Defendant may cross-examine them. Then the Defendant will present its witnesses, and the Plaintiff may cross-examine them.

After all the evidence is in, the parties will present their closing arguments to summarize and interpret the evidence for you, and the court will give you instructions on the law. You will then retire to deliberate on your verdict.