UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SQUARE D COMPANY, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
|    vs. | ) | CAUSE NO. 1:07-cv-806-WTL-JMS |
| | ) | |
| BREAKERS UNLIMITED, INC., | ) | |
| | ) | |
|    Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
|    vs. | ) | |
| | ) | |
| PBC SUPPLY, LP, et al., | ) | |
| | ) | |
|    Third-Party Defendants. | ) | |

## ENTRY ON MOTIONS IN LIMINE

     This cause is before the Court on numerous motions in limine filed by the parties. The motions are fully briefed and the Court, being duly advised, resolves them as set forth below.

     The Court notes that the granting of a motion in limine is not a final ruling regarding the admissibility of the evidence at issue. Rather, it simply prohibits any party from eliciting testimony regarding or otherwise mentioning a particular issue during trial without first seeking leave of Court outside of the presence of the jury. Therefore, a party who wishes to elicit testimony or introduce evidence regarding a topic covered by a motion in limine that has been granted should request a sidebar conference during the appropriate point in the trial, at which time the Court will determine how best to proceed. Parties should always err on the side of caution and interpret rulings on motions in limine broadly, requesting sidebars before eliciting testimony or offering evidence that is even arguably covered by a ruling in limine and avoiding mention of such topics during voir dire, opening statements and closing argument.

**Pioneer's Motions in Limine**

Third-Party Defendant Pioneer filed nine motions in limine (dkt. nos. 262, 263, 264, 265, 266, 267, 268, 269, and 270), and it does not appear to the Court that any of them were joined by either Breakers or Square D. Inasmuch as Pioneer and Breakers have now entered into a settlement with regard to the third-party complaint, all of Pioneer's motions in limine are **DENIED AS MOOT**.

**Square D's Motions in Limine (dkt. no. 246)**

Square D combines several motions in limine into one filing. Each of them is addressed, in turn, below.

*The Relative Wealth, Size and Financial Ability of the Parties*

Square D asks the Court to prohibit "[a]ny attempt to appeal to the sympathy of the jury through direct or indirect characterizations of Square D as a large company with substantial resources or Breakers Unlimited and Pioneer Breaker as smaller companies with fewer resources." Square D is correct that the comparative size of the corporations involved in this case is irrelevant and any testimony regarding or comments on that issue will not be permitted. To that extent, the motion in limine is **GRANTED**. However, Breakers will be permitted to present a reasonable amount of background information regarding the nature of its own business, which may include information about its size.

*Square D's Alleged Intent to Damage Breakers by Filing This Lawsuit*

Square D argues that its motivation for bringing this suit is irrelevant. In light of the dismissal of Breakers' tortious interference claim, the Court agrees; this motion in limine therefore is **GRANTED**.

*The Character, Honesty or Integrity of the Parties' Attorneys*

Square D seeks to exclude any references to the character, honesty or integrity of the parties' attorneys. Square D does not explain why it believes anyone would make such references at trial, and the Court has no reason to believe anyone would. Inasmuch as any such references clearly would be inappropriate, the Court will **GRANT** the motion in limine, however unnecessary that may be.

*Square D's Alleged Conduct, Fault or Blame in Causing or Contributing to the Illegal Manufacture, Distribution or Sale of Counterfeit Circuit Breakers by Others*

Square D seeks to exclude evidence regarding its pricing and cross-border sales policies; its efforts to police its authorized distribution channels; the adequacy of its efforts to inform the public regarding counterfeit Square D products; and its use (or failure to use) authentication technology in its products. Square D argues that any such evidence would be irrelevant to the claims and defenses in this case. Breakers disagrees.

With regard to Square D's pricing and cross-border sales policies, Breakers argues that this information is relevant to show that Breakers was not necessarily placed on notice that it was purchasing counterfeit circuit breakers simply because the breakers were offered at a low price. The Court agrees, and the motion in limine is **DENIED** as to that topic.[1]

With regard to Square D's efforts to protect its mark and/or prevent the counterfeiting of

---

[1] Square D's argument that any such evidence would be irrelevant because an objective, not subjective, standard applies to the "willfully blind" inquiry goes too far, as objective knowledge can be proven by circumstantial evidence, including the fact that goods are being sold at prices so low as to call into question whether they are genuine. *See, e.g., Louis Vuitton S.A. v. Lee*, 875 F.2d 584, 590 (7th Cir. 1989) ("Knowing as she must have that Vuitton and Gucci are expensive brand-name goods unlikely to display (as these did) poor workmanship, to be lined with purple vinyl, and to be sold by itinerant peddlers at bargain-basement prices, Mrs. Lee was obligated at the very least to ask her supplier whether the items he was selling her were genuine Vuitton and Gucci merchandise or counterfeit.").

its products, Breakers notes that if Square D failed to adequately police its mark the mark could have been weakened, or even abandoned. In addition, Breakers argues, if Square D's mark was not adequately policed that would undermine Square D's assertion that the sale of counterfeit Square D circuit breakers caused it irreparable harm. It is true, as Breakers asserts, that under certain circumstances the failure of the owner of a trademark to police its mark can lead to the abandonment of that mark. *See* 15 U.S.C. § 1127 (a mark is deemed "abandoned" "[w]hen any course of conduct of the owner, including acts of omission as well as commission, causes the mark to become the generic name for the goods or services on or in connection with which it is used or otherwise to lose its significance as a mark."). However, it is not at all clear to the Court that there is any evidence on which a finding that Square D's mark has lost its significance could be based. Perhaps there is, and if that is the case then Breakers is correct that it is entitled to introduce that evidence, but otherwise the Court agrees with Square D that inquiry into Square D's efforts to police its mark would simply be confusing to the jury and a waste of everyone's time. Accordingly, the motion in limine is **GRANTED** to the extent that Breakers will not be permitted to introduce evidence or elicit testimony on this topic at trial without leave of Court. If Breakers wishes to seek leave of Court, it shall do so, in writing, by **June 10, 2009**. Its motion for leave should be accompanied by a brief that sets forth the applicable legal standards, including which party has the burden of proof, any applicable presumptions, and whether the issue ultimately is for the jury or the Court to decide, and should also include a proffer of the anticipated testimony and other evidence it wishes to introduce on the issue and an explanation of how that evidence would support the finding urged by Breakers. Any response by Square D shall be filed by **June 15, 2009**.

*The Suggestion that the Subject Circuit Breakers Acquired by Pioneer from Arturo Garcia in Mexico and Sold to Breakers Were Authentic Products that Were Stolen, Lost or Misplaced by Square D or Square D Distributors*

and

*The Suggestion that the Subject Circuit Breakers Were at One Time Possessed by a Former Authorized Square D Distributor, Surtidora Electrica del Norte or Its Owner, Humberto Gonzales*

Breakers does not object to either of these motions in limine; accordingly, they are both **GRANTED**.

*Argument and Testimony before the Jury that Square D is Not Entitled to Recover Both Its Lost Profits and the Profits Earned by Breakers Unlimited as a Result of Breakers Unlimited's Sales of Counterfeit Circuit Breakers*

The issue addressed in this motion in limine–the proper measure of damages–is not the proper subject of a motion in limine. Rather, the Court's final instructions will provide the jury with the law that is applicable to the factual findings the jury will be asked to make, and the Court will follow the applicable law in making any award of damages. Counsel will, of course, be permitted to refer to the Court's final instructions in closing arguments and, equally obviously, any reference to the law governing the issues in the case will be limited to the law as set forth in the final instructions.

*The Legal Effect of a Finding that Breakers Acted with Willful Blindness*

The Court agrees with Square D that it would not be appropriate for any party to inform the jury that a finding that Breakers acted willfully may result in the Court awarding Square D treble damages and attorney fees. Accordingly, this motion in limine is **GRANTED**.

*Evidence of Settlement Agreements between Square D and Other Sellers of Counterfeit Breakers*

Although it is certainly possible that evidence regarding Square D's settlements in other cases might be relevant to a claim or defense in this case, it is not immediately apparent to the

Court how that would be. Accordingly, the motion in limine is **GRANTED**. Obviously, as with any ruling in limine, if Breakers believes such evidence is relevant, it may make an offer to prove outside of the presence of the jury and explain the relevance to the Court at that time.

### Breakers' Motion in Limine to Exclude Evidence of Damages Related to the Maine Circuit Breaker and NABCO Transactions (dkt. no. 254)

Square D alleges that Breakers purchased counterfeit circuit breakers from two sources, Pioneer and NABCO. Square D also alleges that Breakers sold counterfeit circuit breakers to Maine Circuit Breaker. Breakers argues that because Square D has entered into settlement agreements with Maine Circuit Breaker and NABCO regarding the same transactions, Square D already has been compensated for any damages caused by those transactions and therefore should not be permitted to seek such damages in this case.

Square D is not seeking any damages with regard to the Breakers' sales to Maine Circuit Breaker, and therefore the motion in limine is **GRANTED** as to that issue. However, with regard to the circuit breakers purchased from NABCO, the Court agrees with Square D that whether a set-off of any damages award against Breakers in this case is appropriate for any payment Square D received in conjunction with its settlement with NABCO is a matter for the Court to determine after trial. Therefore, the motion in limine is **DENIED**. At trial, Square D may seek damages arising out of the NABCO transaction as if no settlement occurred; the issue of the appropriate effect of that settlement on any judgment ultimately entered by the Court in this case will be addressed in post-trial proceedings.

### Breakers Motion in Limine to Exclude Evidence of the Alleged Hazards Posed by Counterfeit Circuit Breakers (dkt. no. 257)

For the reasons set forth in the Court's Entry on Motions to Exclude Testimony of Reed, Whitehorn and Rezac (dkt. no. 305), evidence regarding the alleged danger of counterfeit circuit

breakers is irrelevant to any issue to be considered by the jury in this case.  Accordingly, this motion in limine is **GRANTED**.

      SO ORDERED:  06/04/2009

_William T Lawrence_

      Hon. William T. Lawrence, Judge
      United States District Court
      Southern District of Indiana

Copies to:

Thomas B. Bays
Norris Choplin & Schroeder LLP
tbays@ncs-law.com

Joel L. Dion
Blank Rome LLP
dion-j@blankrome.com

Robert David Epstein
Epstein Cohen Donahoe & Mendes
rdepstein@aol.com

Jonathan D. Jay
Leffert Jay & Polglaze P.A.
jjay@ljp-iplaw.com

Nicholas S. Kuhlmann
Leffert Jay & Polglaze, P.A.
nkuhlmann@ljp-iplaw.com

Brian W. Lewis
Wildman Harrold Allen & Dixon
lewis@wildman.com

Nelson A. Nettles
Norris Choplin & Schroeder  LLP
nnettles@ncs-law.com

Nicole  Nocera
Wildman, Harmed, Allen & Dixon LLP
nocera@wildman.com

Timothy D. Pecsenye
Blank Rome LLP
pecsenye@blankrome.com

James Brian Vogts
Wildman Harrold Allen & Dixon LLP
vogts@wildman.com

Edward Timothy Walker
Wildman, Harrold, Allen & Dixon LLP
walker@wildman.com

Philip A. Whistler
Ice Miller LLP
philip.whistler@icemiller.com