UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SQUARE D COMPANY, )<br>)<br>   Plaintiff, )<br>)<br>   vs. )<br>)<br>BREAKERS UNLIMITED, INC., )<br>)<br>   Defendant. | CAUSE NO. 1:07-cv-806-WTL-JMS |

### ENTRY REGARDING MOTION TO QUASH

This cause is before the Court on Square D's motion to quash trial subpoenas and Breakers' response thereto. For the reasons set forth below, the Court, being duly advised, **DENIES** the motion.

At issue in the instant motion are trial subpoenas issued by Breakers to Square D employees William Snyder and Tracy Garner. Square D seeks to quash the subpoenas because both Snyder and Garner live and work more than 100 miles from Indianapolis, where this case will be tried, and therefore are outside the scope of this Court's subpoena power pursuant to Federal Rule of Civil Procedure 45(b)(2)(B). As a technical matter, the motion is easily resolved. The subpoenas were not directed at Square D, and while it is true that "[a] party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests," *U.S. v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982), Square D does not assert that its own rights would be violated if the subpoenas were enforced; rather, the sole basis for Square D's motion to quash is that the two witnesses would have to travel more than 100 miles to attend trial. Square D has no standing to raise this issue on behalf of Snyder and Garner; therefore, the motion to quash must be denied.

While that ruling resolves the motion before the Court, it does not resolve the issue of whether Snyder and Garner will testify at trial. In light of the quickly approaching trial date, and the likelihood that Snyder and Garner will raise the issue by filing motions to quash on their own behalf, the Court will provide the parties with the following guidance in the interest of efficiency and in the hopes of avoiding last-minute emergency motions.

If Snyder and Garner were to move to quash the subpoenas, their motions would be well-taken and, in fact, the granting of those motions would be mandatory under Federal Rule of Civil Procedure 45(c)(3)(A)(ii). This Court's subpoena power simply does not extend to Snyder and Garner. If Snyder and Garner were simply fact witnesses in this case, that would be the end of the inquiry. However, they are not; rather, they were Square D's corporate designees under Federal Rule of Civil Procedure 30(b)(6), and it is in that capacity that Breakers wishes to call them at trial. Essentially, then, Breakers is seeking to call Square D itself to testify through the two individuals that Square D has designated to speak for it on the witness stand in this case.

In that sense, then, the relevant question essentially is whether a party may be compelled to attend trial and testify if that party is not subject to being subpoenaed under Rule 45. While the Court recognizes the cases cited by Square D that suggest the contrary,[1] the Court does not believe that Rule 45–or any other Federal Rule of Civil Procedure–provides the last word regarding the situation here. Rather, as noted in the Practice Commentary to Rule 45:

> Among the parties themselves, there is the general assumption that each will appear at the trial, which relieves Rule 45 of any special concern about that. If it

---

[1] The Court appreciates Square D's thorough and cogent legal analysis of the split among courts with regard to the interplay between Rule 45(b)(2)(B), which limits service of a subpoena to within 100 miles of the place of trial, and Rule 45(c)(3)(A)(ii), which requires the quashing of a subpoena that requires a "person who is neither a party nor a party's officer to travel more than 100 miles."

> should for any reason become necessary to have a party appear at the trial who it turns out will not appear voluntarily–including a person who is in the control of a party, which sweeps the corporation under this category as well–the court has all the leverage it needs to compel the party's appearance. If the court directs the attendance of the party, disobedience can be compelled with something the seeking party would enjoy even more than the invoking of the contempt penalty: a default judgment against the recalcitrant party. Hence Rule 45 shows little tension when a party is involved.

David D. Siegel, *Practice Commentaries*, C45-16 (contained in 28 U.S.C.A. Federal Rules of Civil Procedure Rules 38-49 (2008)).  The Court agrees with this observation.  While Snyder and Garner are not subject to subpoena pursuant to Rule 45, and the Court has no jurisdiction over them, the Court does have jurisdiction over Square D.  The Court also has inherent authority that extends beyond the authority provided by the Federal Rules of Civil Procedure.  *See G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 651 (7th Cir. 1989) (*en banc*) (recognizing the "a district court's ability to take action in a procedural context may be grounded in 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

> The extent of the Court's inherent authority is not boundless, of course.
>
> Obviously, the district court, in devising means to control cases before it, may not exercise its inherent authority in a manner inconsistent with rule or statute . . . [and] such power should be exercised in a manner that is in harmony with the Federal Rules of Civil Procedure. This means that where the rules directly mandate a specific procedure to the exclusion of others, inherent authority is proscribed.

*Id.* at 652.  In this case, the rules do not expressly provide that attendance at trial can be secured only by a subpoena, and the notion that the Court has the inherent authority to order a party to appear and testify–or, in the case of a corporation, to order it to produce a witness to testify on its behalf–seems rather uncontroversial.

So the Court has the authority to require Square D to produce Garner and Snyder to testify at trial. That determination does not resolve the issue either, however, as it remains to be seen whether such an order would be appropriate in this case. Obviously there will be circumstances in which such an order would not be reasonable–if, for example, a Rule 30(b)(6) deponent was no longer employed by the party, or if it would be an undue burden (beyond simply the travel requirement) for the deponent to appear for some reason personal to the deponent. The Court is unaware of any such circumstance here. Such an order also would be unreasonable if having the witness testify live at trial would not add anything to the proceedings. In general, the Court agrees with the observation that "[t]he deposition is often a poor substitute for the live testimony of the witness before the jury or judge[, inasmuch as the] questions and answers are read by other . . . with no opportunity to observe demeanor, etc." David D. Siegel, *supra*. However, if the witnesses have very little to say that is relevant, or if the nature of their testimony is such that credibility is not an issue, then the reading of their deposition testimony or a summary thereof, or even a stipulation, might be just as effective as their live testimony and a far more efficient way to present the relevant facts to the jury. On this point, the Court's analysis is stymied by the fact that it does not know what these two witnesses testified about in their depositions[2] and to what extent their testimony is still relevant in light of the substantial change in the scope of this case since their depositions were taken.

Therefore, while the Court is loathe to order additional filings at this late date, it appears necessary to do so. By no later than **noon on Friday, June 12, 2009**, Breakers shall file a notice

---

[2]Because Breakers would be calling Snyder and Garner in their capacity as corporate designees, their testimony at trial would be limited to the topics about which they testified in their Rule 30(b0(6) depositions.

that sets forth the testimony it expects to elicit from Garner and Snyder and explains the relevance of that testimony.  If in preparing its notice Breakers determines that it would be satisfied with offering the testimony via deposition, deposition summary, or stipulation, it shall file a notice to that effect.

SO ORDERED:   06/11/2009

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification