UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SQUARE D COMPANY,               ) | |
|                                 ) | |
|   Plaintiff,                    ) | |
|                                 ) | |
|      vs.                        ) | CAUSE NO. 1:07-cv-806-WTL-JMS |
|                                 ) | |
| BREAKERS UNLIMITED, INC.,       ) | |
|                                 ) | |
|   Defendant.                      | |

### ENTRY ON REMAINING MOTIONS IN LIMINE

Two motions in limine remain pending before the Court.  First, in its June 4, 2009, Entry on Motions in Limine, the Court ordered additional briefing on the issue of the relevance of evidence regarding Square D's efforts to protect its mark and/or prevent the counterfeiting of its products.  Breakers has now submitted the requested brief and the Court, being duly advised, **GRANTS IN PART AND DENIES IN PART** the motion in limine to the following extent.

> Breakers argues the following:
>
> Evidence of Square D's conduct is relevant to show, among other things, the conditions prevailing in the marketplace at the time Pioneer, NABCO, and Breakers Unlimited purchased the goods in question. Evidence of these marketplace conditions is relevant to understanding the means that Breakers Unlimited had at its disposal to determine whether the circuit breakers on offer for purchase were or were not genuine. This evidence is directly relevant to Square D's allegation that Breakers Unlimited infringement was willful.
>
> Just as the jury must consider certain physical characteristics inherent in the relevant breakers (such as markings, construction, and quality) in determining Breakers Unlimited's state of mind, so must the jury consider certain characteristics of the marketplace in which those goods are sold such as pricing, available sources, the prevalence of gray market and counterfeit goods. Like it or not, Square D's policies and conduct played a critical role in creating the relevant marketplace and, as such, evidence of those policies and conduct is inextricably woven into the fabric of the case to be decided by the jury.

The Court agrees with Breakers that the state of the relevant marketplace–or at least what

Breakers knew about that marketplace–is relevant to the issue of wilfulness.[1]   However, the Court remains unconvinced that the *cause* of the marketplace conditions–be it Square D's policies or anything else–is relevant, and it is that topic to which Square D's motion in limine primarily is directed.  In other words, Breakers clearly will be permitted to introduce evidence to show that it did not know the subject circuit breakers were counterfeit and why it did not know that, including anything about the marketplace that made it difficult to discern genuine from counterfeit products.  However, the Court will not permit this to become a trial about whether Square D should have worked harder to prevent counterfeiting, and therefore any evidence or argument in that vein will not be permitted.

Next, Square D recently was granted leave to file its Motion in Limine to Preclude Argument by Breakers Unlimited that Pioneer Breaker or Others Are Responsible for Breaker Unlimited's Use of Counterfeit Square D Trademarks in Commerce, and Breakers has now responded to that motion.  The Court notes that Square D has not filed its motion since being granted leave to do so, which was Square D's responsibility since the Court's order granting

---

[1] The parties have correctly observed that the Court's previous Entry on this subject contains an error.  Footnote 1 in that Entry, which is also relevant here, should have read as follows:

> Square D's argument that any such evidence would be irrelevant because a subjective, not objective, standard applies to the "willfully blind" inquiry goes too far, as subjective knowledge can be proven by circumstantial evidence, including the fact that goods are being sold at prices so low as to call into question whether they are genuine.  *See, e.g., Louis Vuitton S.A. v. Lee*, 875 F.2d 584, 590 (7th Cir. 1989) ("Knowing as she must have that Vuitton and Gucci are expensive brand-name goods unlikely to display (as these did) poor workmanship, to be lined with purple vinyl, and to be sold by itinerant peddlers at bargain-basement prices, Mrs. Lee was obligated at the very least to ask her supplier whether the items he was selling her were genuine Vuitton and Gucci merchandise or counterfeit.").

leave (like Square D's tendered order) did not direct the Clerk of Court to do so. In the interest of efficiency, the Court now **DEEMS FILED AS OF JUNE 8, 2009,** Square D's motion in limine, which is contained in Exhibit 3 to docket number 330, and directs the Clerk to enter the motion on the docket.

Turning to the merits of the motion, Square D argues, correctly, that it would be inappropriate for Breakers to suggest at trial that its liability for trademark infringement is somehow absolved because "Pioneer Breaker and others also infringed Square D's trademarks or that Pioneer Breaker and others may have done so first or with greater knowledge." Breakers' response to this motion is well-taken: the motion appears to be wholly unnecessary, because Breakers does not intend to make any such suggestion. Accordingly, the motion is **denied as moot**.

SO ORDERED:   06/11/2009

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification