UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SQUARE D COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:07-cv-806-WTL-JMS |
| | ) |
| BREAKERS UNLIMITED, INC., | ) |
| | ) |
| Defendant. | |

**ENTRY REGARDING OBJECTIONS TO DEPOSITION DESIGNATIONS**

Each party has filed objections to the other's deposition designations. The Court, being duly advised, now resolves those objections.

*Breakers' Objections to Square D's Designations*

First, Breakers objects to Square D's designation of page 54, line 22 through page 55, line 15 of the deposition of Wayne Dube and page 136, line 1 through page 137, line 13 of the deposition of Jim Jacobi. Breakers argues that those passages are inadmissible hearsay because they repeat statements by Chris Reed, Square D's expert, that he had determined certain circuit breakers to be counterfeit. This objection is **OVERRULED**. The statements at issue are not hearsay because they are not being offered for the purpose of demonstrating that the circuit breakers were counterfeit; indeed, it is the Court's understanding that Breakers will be stipulating to that fact. Rather, the statements at issue are part of larger passages of testimony which are being offered for the purpose of showing where the circuit breakers in question were obtained.

Next, Breakers objects to Square D's designation of page 56, line 22 through page 58, line 14 of the deposition of Wayne Dube. The Court finds nothing objectionable in the first five

questions and answers contained in this excerpt, and Breakers' objections do not really address them. Accordingly, the objection is **OVERRULED** as to page 56, line 22 through page 57, line 13. Breakers' objection really is directed to the remainder of the questions and answers in this designation, in which Mr. Dube testifies that he would not purchase large quantities of QO2020 circuit breakers because of the risk of them being counterfeit. The Court agrees with Breakers that Mr. Dube's subjective belief regarding the propriety of making such a purchase is irrelevant to the issues in this case. As Square D has itself pointed out, with regard to the wilfulness issue, the question is not whether Breakers acted *reasonably*, or whether it acted as others in the industry would have acted; rather, the inquiry is a subjective one. Therefore, testimony such as that contained in the first five questions–that those particular circuit breakers are "hard to come by," that they are in high demand, and that the perception in the industry is that there are counterfeit versions of them on the market–is relevant, because the jury may consider those facts as it determines what Breakers actually knew. However, Mr. Dube's testimony opining about what the appropriate action to take in light of those facts is irrelevant. Therefore, the objection is **SUSTAINED** as to page 57, line 14 through page 58, line 14.

Next at issue is the deposition testimony of Jim Jacobi contained on page 115, lines 3-15. Breakers' objection that this testimony is irrelevant is **OVERRULED**, inasmuch as it relates to what Breakers knew about the circuit breakers it obtained from Pioneer, which is clearly relevant.

Also **OVERRULED** is Breakers' relevancy objection to Mr. Jacobi's testimony at page 129, lines 10-20 of his deposition. It is a fact that Breakers did not inform Square D that it had received circuit breakers that it suspected were counterfeit; it is up to the jury to determine what inference, if any, can be drawn from that fact regarding Breakers' state of mind.

Finally, Breakers objects to the designation of Mr. Jacobi's deposition page 23, lines 17-25, and page 24, line 9 through page 25, line 1, in which Mr. Jacobi testifies regarding his understanding of the term "gray market" and Breakers' understanding that purchases made in the gray market carry the risk that the goods are counterfeit. Breakers objects to this testimony on the ground that it lacks an adequate foundation. This objection is wholly without merit and therefore is **OVERRULED**. The fact that Mr. Jacobi was designated by Breakers as its Rule 30(b)(6) deponent on the subject of Breakers' knowledge of circuit breaker counterfeiting provides the foundation for this line of questioning.

### *Square D's Objections to Breakers' Designations*

Most of Square D's objections to deposition designations related to designations by Pioneer and therefore are now moot. In addition, Breakers confirmed at the recent final pretrial conference that it does not intend to introduce the testimony at issue in paragraph 2 of Square D's motion for ruling on its objections; therefore, that issue also is moot. Remaining at issue are the designations addressed in paragraphs 7, 8, and 10 of that motion, each of which are addressed below.

In paragraph 7, Square D objects to the testimony contained on page 80, lines 9-15 of the deposition of Tamas Toldy on the ground that it is inadmissible hearsay. The Court agrees and **SUSTAINS** this objection**.**

In paragraph 8, Square D objects to the designation of Mr. Toldy's testimony on page 56, lines 17-19 of his deposition. The Court agrees with Square D that Mr. Toldy's belief that Breakers would not buy counterfeit circuit breakers is unfounded speculation, and therefore the objection is **SUSTAINED**.

In paragraph 10, Square D objects to Mr. Toldy's testimony on page 41, lines 12-18 of

his deposition on the ground that it is inadmissible character evidence. The Court agrees that Mr. Toldy may not testify regarding Breakers' reputation in the industry, at least absent a showing that this testimony is being offered for something other than to show that Breakers would have acted in conformity with its reputation and therefore would not have knowingly purchased counterfeit circuit breakers. Accordingly, Square D's objection to this testimony is **SUSTAINED**.

Finally, Square D points out that there are several instances of attorney colloquy within the designated portions of Mr. Toldy's deposition. The Court agrees with Square D that all such colloquy should be edited out of any deposition testimony that is presented at trial.

SO ORDERED: 06/12/2009

*William Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification