UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SQUARE D COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:07-cv-806-WTL-JMS |
| | ) |
| BREAKERS UNLIMITED, INC., | ) |
| | ) |
| Defendant. | ) |

### ENTRY REGARDING MOTION FOR ENTRY OF FINAL JUDGMENT ON SQUARE D'S BREACH OF CONTRACT CLAIM

This cause is before the Court on the motion of Plaintiff Square D Company ("Square D") entitled Square D's Motion for Entry of Final Judgment on Its Breach of Contract Claim and an Award of Profits, Attorney's Fees, Non-Taxable Expenses and Prejudgment Interest (docket no. 374). The motion is fully briefed, and the Court, being duly advised, **GRANTS IN PART AND DENIES IN PART** the motion to the extent and for the reasons set forth below.

### Background

In June 2007, Square D filed a breach of contract action against Breakers Unlimited, Inc., ("Breakers") in the United States District Court for the Northern District of Illinois. On the motion of Breakers, and over the objection of Square D, the case was transferred to this court, where a trademark infringement action between the two parties was pending. The two cases were then consolidated under this cause number.

Square D's breach of contract claim arose out of a February 28, 2003, settlement agreement ("Agreement") that resolved an earlier lawsuit between the parties. Square D alleged that Breakers violated its obligation under the Agreement to refrain from purchasing Square D products from Showmen Supplies, Inc., of La Porte, Indiana, or any related company. Breakers

had placed an order for Square D circuit breakers with Showmen Supplies prior to executing the Agreement, but the circuit breakers were shipped to Breakers in March 2003, a few weeks after the date of the Agreement. Both parties moved for summary judgment on the issue of whether the purchase in question violated the Agreement. Breakers argued that the purchase took place prior to the date of the Agreement when Showmen Supplies accepted its purchase order, and therefore it did not breach the Agreement. However, the Court determined that the purchase took place when the circuit breakers were delivered, which was after the Agreement was executed. Therefore, the Court granted Square D's motion for summary judgment and denied Breakers' on the issue of whether Breakers breached the Agreement.

## Discussion

In the instant motion, Square D argues that it is entitled to a damages award equal to the amount of profits Breakers made by reselling the circuit breakers it purchased in violation of the Agreement, as well as an award of prejudgment interest. Square D also argues that it is entitled to an award of attorney's fees, including its otherwise non-taxable expenses. Each argument is addressed, in turn, below.

### *Disgorgement of Breaker's Profits*

There is no dispute that Square D suffered no economic damage as a result of Breakers' breach of the Agreement. There is also no dispute that Breakers profited from that breach; the parties have stipulated that Breakers' profit from reselling the circuit breakers it purchased from Showmen Supplies was $109,685.00. Square D, citing the principle that "'no man may take advantage of his own wrong,'" argues that Breakers should be required to disgorge that profit to Square D. Square D's Brief at 2 (quoting *Glus v. Brooklyn Eastern Dist. Term.*, 359 U.S. 231,

232-33 (1959)).   The problem with this argument, as Breakers aptly points out, is that contract law "generally eschews a moral conception of transactions."  *Classic Cheesecake Co., Inc., v. JPMorgan Chase Bank, N.A.*, 546 F.3d 839, 846-47 (7th Cir. 2008).

> Liability for breach of contract is strict, rather than based (as tort liability generally is) on fault; punitive damages are unavailable even for deliberate breaches (and again note the contrast with tort law); and specific performance is exceptional-and when the only remedy for a breach of contract is compensatory damages, a promisor has in effect an option to perform or pay damages rather than a duty to perform.

*Id.* at 847.   Thus, one who breaches a contract has not committed a "wrong" such that equity would require, or even permit, the remedy sought by Square D.

Illinois law, which the parties agree applies to Square D's breach of contract claim, is consistent with these general principles of contract law.  Under Illinois law,

> [a] party can . . . purposely breach a contract provided he is willing to put the other party in the position he would have been had the contract been fully performed.  Accordingly, the measure of damages for such a decision is that amount which would place the injured party in as satisfactory a position as he would have been in had the contract been performed or, in other words, give him the loss of his bargain plus consequential damages within the contemplation of the parties.

*Hentze v. Unverfehrt*, 604 N.E.2d 536, 540, (Ill. App. 1992).  "It bears repeating that the purpose of damages is to place the nonbreaching party in a position that he or she would have been in had the contract been performed, *not to provide the nonbreaching party with a windfall recovery*."  *Federal Ins. Co. v. Binney & Smith, Inc.*, 913 N.E.2d 43, 59, (Ill. App. 2009) (emphasis in original) (citation and internal quotation marks omitted).  In this case, therefore, because Square D did not lose any money as a result of Breakers' breach it is not entitled to a monetary award on its breach of contract case.

### *Attorney's Fees*

Square D seeks an award of attorney's fees and otherwise non-taxable costs in excess of $101,000 pursuant to a provision of the Agreement that provides that "[i]f an action is instituted by any party to this Agreement for a breach of any of its terms . . . the prevailing party in such an action shall be entitled to recover its reasonable attorneys' fees and costs as part of any final judgment, order or decree."  The Court must determine first whether Square D is a prevailing party; if it is, the Court must then determine the amount of "reasonable attorneys' fees and costs" Square D is entitled to recover.

The first issue is easily resolved, as Breakers does not argue that Square D is not a prevailing party.  *See* Breakers' Response at 1 ("All are in agreement that Square D is entitled to recover its reasonable attorneys' fees and costs in connection with the breach of contract claim; the only question is the amount.").  This concession is somewhat curious to the Court, inasmuch as there appears to be a strong argument that Square D is not entitled to judgment on its breach of contract claim and therefore is not a prevailing party under Illinois law.

> In Illinois, in order to plead a cause of action for breach of contract, a plaintiff must allege: (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages. . . . Therefore, under Illinois law, it is necessary to show damages-not the specific amount, but rather that the plaintiff did, in fact, suffer some damages. . . . Merely showing that a contract has been breached without demonstrating actual damage does not suffice, under Illinois law, to state a claim for breach of contract.

*TAS Distributing Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 631 (7th Cir. 2007) (citations and internal quotation marks omitted); *but see Med%8FPlus Neck & Back Pain Center, S.C. v. Noffsinger*, 726 N.E.2d 687, 694 (Ill. App. 2000) (upholding trial court's award of nominal damages in breach of contract case where defendant breached contract but plaintiff did not prove actual damages).  However, Breakers did not make that argument during briefing

4

on the cross-motions for summary judgment and does not make it now; therefore, following the principle of party presentation, the Court will not raise it on Breakers' behalf. *See Greenlaw v. U.S.*, 128 S.Ct. 2559, 2564 (2008) ("[A]s a general rule, our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief.") (citations and internal quotation marks omitted). Accordingly, that portion of Square D's motion seeking the entry of final judgment in its favor on the breach of contract claim will be granted.

That said, however, while the Court may be required to enter judgment in Square D's behalf based upon Breakers' concession, the question of what a reasonable award of fees is in this case is squarely within the Court's discretion to answer. *See J.B. Esker & Sons, Inc. v. Cle-Pa's Partnership,* 757 N.E.2d 1271, 1277 (Ill. App. 2001) ("The determination of reasonableness is a matter for the trial court's discretion.").

> In determining the reasonableness of the fee, the court may look to various factors including: (1) the skill and standing of the attorney, (2) the nature of the case, (3) the novelty of the issues involved, (4) the significance of the case, (5) the degree of responsibility required, (6) the customary charges for comparable services, (7) the benefit to the client, and (8) the reasonable connection between the fees sought and the amount involved in the litigation.

*Id.* In this case, the Court believes that the last two factors dictate a finding that Square D is not entitled to an award of attorney's fees for its breach of contract case. Square D chose to file this case against Breakers knowing that it had not suffered any economic harm from Breakers' breach of the Agreement. The question of whether the disgorgement damages Square D has asked for are available under Illinois law is not a close one; they clearly are not. Therefore, from the very beginning it should have been apparent that any potential benefit to Square D of pursuing the breach of contract claim would be a moral one, not a financial one.

5

This case therefore is analogous to a civil rights case in which the plaintiff is awarded only nominal damages. In such cases, "the only reasonable fee for such a judgment is no fee at all." *Willis v. City of Chicago*, 999 F.2d 284 (7th Cir. 1993) (citing *Farrar v. Hobby*, 506 U.S. 103 (1992)).[1] The Court determines the same to be true in this case. It simply would not be reasonable to award Square D any amount of attorney's fees for pursuing a claim that was never reasonably calculated to lead to an award of damages.

## Conclusion

For the reasons set forth above, the Court determines that Square D is entitled to judgment in its favor on its breach of contract claim but that it is not entitled to an award of damages on that claim and also is not entitled to an award of attorney's fees and non-taxable costs. Therefore, Square D's motion is **GRANTED** to the extent that it seeks an entry of final judgment in its favor on its breach of contract claim but **DENIED** in all other respects. Final judgment will not be entered at this time, however, because the issue of damages on Square D's trademark infringement claim remains outstanding. The court will enter one judgment once all of the issues in this case are resolved.

SO ORDERED:   12/14/2009

*(signature)*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

---

[1] An alternative way of viewing this case is seen in *Noffsinger*, 726 N.E.2d at 694. In that case the court determined that the defendant had breached an employment contract but that the plaintiff had not proven any actual damages. Both parties were therefore prevailing parties: "plaintiff received a judgment that defendant breached the employment agreement . . . [and] defendant succeeded on plaintiff's damages claims; the liquidated damages provision was held to be unenforceable, and plaintiff failed to prove the existence of any actual damages." The trial court therefore determined that neither party was entitled to an award of fees.

Copies to all counsel of record via electronic notification