UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SQUARE D COMPANY, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|     vs. | )   CAUSE NO. 1:07-cv-806-WTL-JMS |
| | ) |
| BREAKERS UNLIMITED, INC., | ) |
| | ) |
|   Defendant. | |

## ENTRY ON MOTION TO MODIFY INJUNCTION

This cause if before the Court on the motion of Defendant Breakers Unlimited, Inc., ("Breakers") seeking to modify the injunction entered by the Court on January 25, 2010, as part of the final judgment in this case. The motion is fully briefed and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

After a trial, it was determined that Breakers had sold or offered for sale counterfeit versions of two types of Square D circuit breakers – the QO 2020 and the QO 115. In a nutshell, Breakers argues that the injunction entered by the Court is inequitable because it requires it to take certain actions with regard to any product it offers for sale that displays any of the Square D trademarks that were at issue in this case, rather than limiting the requirement only to the QO 2020 and QO 115 circuit breakers. In its motion, which seeks relief pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(6), Breakers asks the Court to modify the injunction to limit its obligations to only QO 2020 and QO 115 circuit breakers. Square D objects to the proposed modification.

The requirements now objected to by Breakers were contained in the proposed injunction submitted by Square D during the post-trial briefing in this case. In Breakers' brief in response to the proposed objection, it indicated that "With one significant exception, [it was] generally amenable to the injunctive relief proposed by Square D." Each of the objections raised by Breakers was expressly considered by the Court in its order granting injunctive relief, and the injunction that

ultimately was issued reflected the Court's rulings with regard to those objections. At no time did Breakers object to the requirements that it now seeks to modify, even though it had ample opportunity to do so.

Because a Rule 59(e) motion "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment," *U.S. v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010) (citation omitted), Rule 59 relief is not available to Breakers. Breakers also seeks relief under Rule 60(b)(6), pursuant to which the Court may reopen a judgment Under the "catchall" provision of Rule 60, a district court may reopen a judgment "for any other reason justifying relief from the operation of the judgment." "As a general rule, relief from a judgment under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances." *Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) (internal quotations and citations omitted). Breakers has not demonstrated that such exceptional circumstances exist here; it essentially argues that compliance with the injunction as written will be practically difficult, but has no concrete evidence to back up that argument and has not convinced the Court that the requirements of the injunction are unreasonable. In any event, "Rule 60(b)(6) . . . is not an appropriate place to slip in arguments that should have been made earlier," *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005). Accordingly, the Court finds no basis for granting the relief sought by Breakers, and its motion to modify the injunction therefore is **DENIED**.

SO ORDERED:   05/06/2010

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

3

Copies to all counsel of record via electronic notification