# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SQUARE D COMPANY, | ) | |
| | ) | |
|   Plaintiff, | ) | |
| | ) | |
|     vs. | ) | CAUSE NO. 1:07-cv-806-WTL-JMS |
| | ) | |
| BREAKERS UNLIMITED, INC., | ) | |
| | ) | |
|   Defendant. | | |

## ENTRY ON MOTION FOR CONTEMPT AND MOTION TO STRIKE

This cause is before the Court on the Motion for Contempt filed by Defendant Breakers Unlimited, Inc., ("Breakers") (dkt. no. 407) and a motion to strike filed by Plaintiff Square D Company ("Square D") (dkt. no. 422). Both motions are fully briefed and the Court, being duly advised, **DENIES** both motions for the reasons set forth below.

First, with regard to the motion to strike, Square D moves to strike a new argument made in Breakers' reply brief. However, the parties have fully addressed their positions regarding the new argument in their briefing on the motion to strike; accordingly, Square D has not been prejudiced by the fact that it was first raised in Breakers' reply brief. The motion to strike is denied, and the Court has considered all of the parties' arguments contained in all of their briefs.

"To prevail on a request for a contempt finding, the moving party must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *U.S. S.E.C. v. Hyatt,* 621 F.3d 687, 692 (7th Cir. 2010). In this case, Breakers asserts that Square D violated the following provision of the

protective order that was submitted by the parties and approved by the Court:

> Within thirty (30) days after the conclusion of this proceeding, whether by final adjudication on the merits from which there is no right to appeal or by other means, each party to whom Confidential Information was produced shall, at the election of the producing party, either (1) return all documents and copies containing "Confidential Information" (including copies in the possession of any employee, expert or consultant) to the producing party or (2) promptly destroy all such materials, and in either case the party to whom such material was produced shall provide written certification under oath to the producing party that whichever of these two procedures the producing party elected was fully performed.

There is no dispute that this case was concluded far more than thirty days ago, and there is also no dispute that Square D's counsel continues to possess "Confidential Information" as defined by the protective order. Breakers argues that "the Court unequivocally commanded that all Confidential Information be destroyed within 30 days of the conclusion of these proceedings," and therefore Square D is in contempt of the protective order. The provision at issue is not so unequivocal, however. Rather, it requires each party to act "at the election of the producing party." Because prior to filing the instant motion Breakers did not make an election regarding the disposition of its Confidential Information, Square D argues that it had no obligation to destroy or return the Confidential Information. The Court finds that at the very least the protective order is ambiguous with regard to a party's obligation when no election has been made. Accordingly, Square D has not violated an "unambiguous command" from the Court, and there is no basis for holding Square D in contempt for retaining the Confidential Information.[1]

---

[1]Prior to the date Breakers made its election, the United States Department of Justice made a formal request to Square D that it preserve the documents in question because they might be relevant to an ongoing federal investigation. Breakers concedes that this request prevents Square D from destroying or returning the documents at this time.

In its reply brief, Breakers shifts its argument from one objecting to Square D's retention of the documents to one objecting to Square D's use of them. This argument is based on Breakers assertion that "Square D has been improperly using Breakers Unlimited's confidential documents produced for an improper purpose, i.e. to develop its case against a third party in a separate lawsuit." However, the email Breakers cites in support of its assertion does not demonstrate that Square D has used the Confidential Information; rather, it simply requested permission from Breakers to do so. Therefore, Breakers has not demonstrated that a finding of contempt would be appropriate.

SO ORDERED: 05/05/2011

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification